# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4575 | **DATE** | 10/23/2000 |
| **CASE TITLE** | Anne Lucas vs. CD-Com Systems Chicago, Inc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Affirmative Defense 1 is stricken from Defendant's Answer and Affirmative Defenses.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |

SN

courtroom deputy's initials

ED-7
FILED FOR DOCKETING

00 OCT 24 PM 1: 29

Date/time received in central Clerk's Office

number of notices

OCT 2 4 200

date docketed

docketing deputy initials

10/24/2000
date mailed notice

SN
mailing deputy initials

Document Number

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANNE J. LUCAS,                        )
                                      )
                Plaintiff,            )
                                      )
      v.                              )      No.  00 C 4575
                                      )
CD-COM SYSTEMS CHICAGO, INC.,         )
                                      )
                Defendant.[1]         )

MEMORANDUM ORDER

CD-COM Systems Chicago, Inc. ("CD-COM") has filed its Answer
and Affirmative Defenses to the Amended Complaint ("AC") brought
against it by its ex-employee Anne Lucas ("Lucas").  This
memorandum order is issued sua sponte to address some obvious
problems posed by that responsive pleading.

To begin with, Answer ¶3 concludes by saying:

The remaining allegations contained in paragraph 3
state a legal conclusion which requires no response.

That assertion is simply no excuse for failing to conform to the
requirement of Fed. R. Civ. P. ("Rule") 8(b) that every
allegation must be responded to--no less an authority than the
Supreme Court teaches that legal conclusions are properly an
integral part of federal pleading (see, e.g., Neitzke v.
Williams, 490 U.S. 319, 325 (1989); Denton v. Hernandez, 504 U.S.
25, 31 (1992); and relatedly, see the opinion of our Court of

---

[1] Because this Court will be away during the two-week
period from October 10 through October 20, this has been dictated
on October 7 for transcription during this Court's absence and
entry on October 23 or shortly thereafter.

Appeals in <u>Jackson v. Marion County</u>, 66 F.3d 151, 153-54 (7th Cir. 1995)). Moreover, any such nonresponse is totally inconsistent with CD-COM's outright admission of the allegations in AC ¶¶4 and 5. Accordingly, the sentence just quoted from Answer ¶3 is stricken.

Next, Affirmative Defense ("AD") 1 is a direct contradiction of Lucas' allegation in Complaint ¶14. That being true, AD 1 is inconsistent with the concept of an AD as contemplated by Rule 8(c) and the relevant caselaw, which require a defendant to treat plaintiff's allegations as <u>admitted</u> for purposes of the AD but then set out some other basis for defendant's nonliability (or perhaps lesser liability, as in the case of comparative negligence). Accordingly AD 1 is also stricken.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 23, 2000

2